IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ODIS ODELL BERRY | § | |
| VS. | § | CIVIL ACTION NO. 5:10-CV-153 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Odis Odell Berry, an inmate confined at the Darrington Unit, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds that petitioner's objections are without merit. Petitioner possesses no constitutionally protected right to release on parole. Furthermore, because petitioner is ineligible for release on mandatory supervision, due process concerns were not implicated and prison officials were not required to afford petitioner due process at the disciplinary hearing. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997). In addition, petitioner's claims that TDCJ officials failed to follow TDCJ rules and regulations fails to allege a federal claim. A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Federal habeas review

is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state or administrative procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Finally, as the magistrate judge correctly concluded, there is no federal constitutional right to an administrative appeal from a disciplinary conviction nor do inmates have a constitutionally protected right to a grievance procedure. When a claim underlying an administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to courts which is not compromised by the prison's failure to comply with appropriate grievance procedures. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be

considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason.  The questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability.  Accordingly, a certificate of appealability will not be issued.

**SIGNED this 16th day of February, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE